UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| KAREN FLANAGAN, *et al*, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. M-06-112 |
| | § | |
| BETTY WILKINSON BUTLER, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**

**I. Introduction**

Now before this Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 5) and, in the alternative, Defendant's Motion to Dismiss for Improper Venue (Doc. 4).[1] Plaintiffs Karen Flanagan and Kathleen Moore ("Plaintiffs") originally brought suit against Defendant Betty Butler ("Defendant") in the 206th Judicial District Court, Hidalgo County, Texas. (Doc. 1). Defendant removed the present action to this Court on the grounds that the Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). *Id.*[2][3] Defendant now moves to dismiss the action under Federal Rule of Civil Procedure 12(b)(2) and, in the alternative, under Rule 12(b)(3). (Docs. 5, 4).

---

[1] Defendant states that she "files...her Motion to Dismiss for Improper Venue...subject to Defendant's Motion to Dismiss for lack of personal jurisdiction." (Doc. 4).

[2] Pursuant to 28 U.S.C. 1332(a), a federal court has jurisdiction over a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between parties of different states. Plaintiffs do not dispute that the amount in controversy exceeds $75,000, exclusive of interest and costs. It is further undisputed that Plaintiffs are citizens of Texas and Defendant is a citizen of California.

[3] Defendant amended her Notice of Removal to correct the recitation of the parties in paragraph 1. (Doc. 2).

## II. Factual Background

Plaintiffs, both granddaughters of Hazel Wilkinson, assert causes of action against Defendant, the daughter of Ms. Wilkinson, for conversion, actual and constructive fraud, and breach of fiduciary duty. (Doc. 1). Specifically, Plaintiffs allege that Ms. Wilkinson created a living trust in 1998 and transferred substantial valuable property into the trust at the time of its inception. Plaintiffs further allege that the trust estate contained, among other assets, surface and mineral interests in real property in Hidalgo County, Texas. According to Plaintiffs, Defendant assumed the powers of trustee on August 25, 2004, shortly after the June 26, 2004 death of her mother. Plaintiffs claim that pursuant to the terms of the trust, twenty-five percent of the trust estate was to be distributed to Plaintiff Flanagan free of trust, and twenty-five percent was to be distributed to Plaintiff Moore free of trust. Plaintiffs assert that they have not yet received their share of the trust estate nor any explanation for why the conveyance of their share has been delayed. In addition, Plaintiffs claim that certain of the properties in Hidalgo County have been conveyed to third parties. Plaintiffs allege upon information and belief that Defendant has no intent of conveying to Plaintiffs their portion of the trust. Plaintiffs seek damages in an amount equal to the value of their interest in the trust property. In addition, Plaintiffs request that Defendant forfeit to Plaintiffs any compensation, remuneration, or profits which Defendant has earned as a result of her fiduciary responsibility to Plaintiffs. Plaintiffs also seek punitive damages. *Id.*

## III. Analysis

### A. Fed. R. Civ. P. 12(b)(2)

Defendant first moves to dismiss the present case pursuant to Federal Rule of Civil Procedure 12(b)(2) on the grounds that the Court does not have personal jurisdiction over

Defendant. (Doc. 5). Specifically, Defendant claims that she has no minimum contacts with the forum state and that the Court's exercise of jurisdiction over her and her trust property will offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional requirements of due process. *Id.*

**B. Overview of Personal Jurisdiction**

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the district court's jurisdiction over the defendant. *E.g.*, *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994). Where, as here, the district court rules on the motion to dismiss without an evidentiary hearing, the plaintiff may bear her burden by presenting a *prima facie* case that personal jurisdiction is proper. *Id.* The district court may determine the jurisdictional issue by considering affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *See id.*; *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). However, the court must accept the uncontroverted allegations in the complaint as true and resolve any factual conflicts in favor of the plaintiff in determining whether a *prima facie case* for personal jurisdiction has been established. *Wilson*, 20 F.3d at 648.

In a diversity case, "a federal court has personal jurisdiction over a nonresident defendant to the same extent that a state court in that forum has such jurisdiction." *See*, *e.g.*, *id.* at 646. It is well-established that the Texas long-arm statute allows Texas courts to exercise personal jurisdiction over nonresident defendants to the full extent permitted by the U.S. Constitution. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 412-13 (1984); *Revell v. Lidov*, 317 F.3d 467, 469-70 (5th Cir. 2002); *Guardian Royal Exchange Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991); *Schlobohm v. Schapiro*, 784 S.W.2d

355, 356-57 (Tex. 1990). The only limitations placed on Texas courts in asserting personal jurisdiction over nonresident defendants are those imposed by the Due Process Clause of the Fourteenth Amendment. *Id.* Under the due process standard, a court can constitutionally exercise personal jurisdiction over a nonresident defendant if (1) the defendant has "minimum contacts" with the forum state; and (2) the exercise of such jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004); *American Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002).

The "minimum contacts" prong of the inquiry may be divided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Freudensprung*, 379 F.3d at 343; *Coleman*, 83 S.W.3d at 806. A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendant's contacts with the forum state. *Id.* In short, the court's inquiry focuses upon the relationship between the defendant, the forum, and the litigation. *Freudensprung*, 379 F.3d at 343; *Guardian Royal*, 815 S.W.2d at 228. General jurisdiction allows a forum to exercise jurisdiction over a nonresident defendant if the defendant's contacts with the forum are "continuous and systematic," even if the cause of action did not arise from or relate to the defendant's purposeful contacts with the forum. *Freudensprung*, 379 F.3d at 343; *Coleman*, 83 S.W.3d at 806-07. Where general jurisdiction, as opposed to specific jurisdiction, is concerned, a court's minimum contacts inquiry is broader and more demanding and requires a showing of substantial activities in the forum state. *Coleman*, 83 S.W.3d at 807; *Schlobohm*, 784 S.W.2d at 357.

### C. The Court Does Not Have Personal Jurisdiction Over Defendant

Here, the Court must accept the uncontroverted allegation that the trust at issue acquired ownership of property in Hidalgo County, Texas which Defendant then conveyed. (Docs. 1, 5, 10).[4] That Defendant took actions to convey the property provides at least some indication of Defendant's purposeful contacts with Texas. However, the Court cannot find that the present litigation is sufficiently related to the trust's ownership of property in Texas and Defendant's conveyance of such property so as to establish specific jurisdiction over Defendant. *See Shaffer v. Heitner*, 433 U.S. 186, 213 (1977)(where statutory presence of property within forum state not subject matter of litigation, property failed to provide contact with state sufficient to support exercise of personal jurisdiction); *Potkovick v. Reg'l Ventures, Inc.*, 904 S.W.2d 846 (Tex.App.-Eastland 1995, no writ)(nonresident defendant's ownership of real property in forum state sufficient basis for personal jurisdiction only when property is subject of suit). Plaintiffs' claims against Defendant do not arise out of any alleged misconduct in connection with Defendant's conveyance of the Texas property at issue; rather, they concern Defendant's alleged failure to distribute California-held trust funds to Plaintiffs. (Doc. 1).[5] As such, the Court does not have specific jurisdiction over Defendant.

In addition, the alleged contacts between Defendant and the forum state are insufficient to invoke this Court's general jurisdiction. Plaintiffs contend that general jurisdiction over Defendant is proper because Defendant owns real property and does business in Texas. (Doc. 10). Plaintiff Flanagan asserts in her affidavit, and in fact Defendant admitted before this Court,

---

[4] Plaintiff Flanagan's affidavit and attached documentation clarify that Defendant sold one tract of land owned by the trust. (Doc. 10, Exs. A, A-2).

[5] The Court notes that the copy of the "Hazel L. Wilkinson 1998 Living Trust Agreement" submitted to this Court by Plaintiffs gives Defendant the power "[t]o manage, control, grant options on, sell (for cash or on deferred payments), convey, exchange, partition, divide, improve, and repair Trust property." (Doc. 10, Exs. B, C at 2, 13).

that Defendant currently owns real property in Hidalgo County, Texas. (Doc. 10, Ex. A). Plaintiffs further submit in their response to Defendant's Motion that "[c]onsequently, separate and apart from the facts of this litigation, [Defendant] has been 'doing business' in Hidalgo County, Texas," although Plaintiffs' Original Petition contains no such allegation. (Docs. 1, 10).

A nonresident defendant's ownership of real property alone does not establish general jurisdiction over that defendant. *Bryant v. Roblee*, 153 S.W.3d 626, 630-31 (Tex.App.-Amarillo 2004, no pet.)(citing *Potkovick*, 904 S.W.2d at 847; *Shaffer*, 433 U.S. at 208); *see also Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000)("The mere renting or ownership of property in [Texas] is not enough [to establish general jurisdiction] when that property is not used to conduct business in the forum."). The Court recognizes that Texas's long-arm statute allows Texas courts to exercise jurisdiction over nonresident defendants "doing business" within the state. *See* Tex.Civ.Prac. & Rem. Code § 17.042. However, the Court cannot ignore that Plaintiffs recite no facts and point to no evidence to support their contention that Defendant does business in Texas apart from showing that Defendant owns real property in Hidalgo County. (Docs. 1, 10). Plaintiffs have not alleged nor shown that Defendant uses such property to conduct business in Texas. *See Access Telecom*, 197 F.3d at 717. As Defendant's only demonstrated contact with the forum state is Defendant's ownership of property in Texas, the Court cannot find that the exercise of general jurisdiction over Defendant is proper. Such contact simply does not show "substantial activities" by Defendant in the forum state. *See Coleman*, 83 S.W.3d at 807; *Schlobohm*, 784 S.W.2d at 357.

## IV. Conclusion

For the foregoing reasons, the Court concludes that it does not have personal jurisdiction over Defendant. Therefore, the Court hereby **ORDERS** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 5) is **GRANTED**. The Court further **ORDERS** that Defendant's Motion to Dismiss for Improper Venue (Doc. 4) is **MOOT**.

SO ORDERED this 27th day of September, 2006, at McAllen, Texas.

_____
Randy Crane
United States District Judge